UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60418
Civil Docket #4652-98
_____

DAN E. MARTENS; SUSAN J. MARTENS,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

February 21, 2001

Before REYNALDO G. GARZA, DAVIS, and JONES, Circuit Judges.

PER CURIAM [*]:

The court has carefully considered this appeal in light of the Tax Court decision, the briefs, the facts, and oral arguments of counsel. Having done so, we are unable to find clear factual error or any legal error in the Tax Court's conclusion that the loans to the Stork Shop, Inc. by the taxpayers became non-business bad debts in 1993 and were thus nondeductible. Garner v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Commissioner</u>, 987 F.2d 267 (5th Cir. 1993). Further, the taxpayers did not meet their burden of proving that their payment of the Stork Shop's debts in 1994 was an ordinary and necessary business expense of the taxpayers.

However, because of this court's decision in <u>Streber v. Commissioner</u>, 138 F.3d 216, 223 (5th Cir. 1998), the Tax Court erred in assessing a substantial understatement penalty on the tax liability for the erroneously deducted non-business bad debt. Inasmuch as this determination turned on a question of fact (the taxpayers' motive), where there was evidence going both ways, and a multiplicity of authority existed, there was "substantial authority" for the taxpayers' position. *See* 26 U.S.C. § 6662(d)(2)(B); <u>Osteen v. Commissioner</u>, 62 F.3d 356, 359 (11th Cir. 1995). But by the same token, taxpayers did not advance sufficient evidence or authority to insulate from this penalty the attempted 1994 business expense deduction, which is accordingly affirmed.

The judgment of the Tax Court is therefore affirmed as modified to omit the substantial understatement penalty for the 1993 non-business bad debt.

**AFFIRMED as MODIFIED.**